**Annie BROOKS, Plaintiff–Appellant,**

v.

**R. James NICHOLSON, Secretary, U.S. Department of Veterans Affairs, Defendant–Appellee.**

No. 06–55354.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 *.

Filed Sept. 27, 2007.

Annie Brooks, Los Angeles, CA, pro se.

Jonathan B. Klinck, Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Annie Brooks appeals pro se from the district court's summary judgment in favor of the Department of Veterans Affairs in her Title VII action alleging gender discrimination, retaliation, and hostile work environment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Moran v. Selig*, 447 F.3d 748, 754 (9th Cir.2006), and we affirm.

The district court properly granted summary judgment to the defendant on

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**516**

Brooks's discrimination and retaliation claims because Brooks did not raise a triable issue of fact concerning pretext. *See Dominguez–Curry v. Nevada Transp. Dep't,* 424 F.3d 1027, 1037 (9th Cir.2005) (explaining that a plaintiff "must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason is merely a pretext for discrimination."); *see also Moran,* 447 F.3d at 759 (holding that unverified complaints "cannot be considered as evidence at the summary judgment stage"); *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773 (9th Cir.2002) (holding that unauthenticated documents cannot be considered at summary judgment).

The district court properly granted summary judgment to defendant on Brooks's hostile work environment claim because Brooks did not raise a triable issue regarding whether the alleged conduct, even if true, was either severe or pervasive enough to alter the conditions of Brooks's employment. *See Manatt v. Bank of America, NA,* 339 F.3d 792, 798 (9th Cir. 2003) ("[O]ffhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.") (internal quotation marks and citation omitted).

Brooks's remaining contentions lack merit.

**AFFIRMED.**